RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0054p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

V&M STAR, LP,

        *Plaintiff-Appellant,*

    *v.*

CENTIMARK CORPORATION,

        *Defendant-Appellee.*

No. 09-3249

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 07-03573, George J. Limbert, Magistrate Judge.

Submitted: October 22, 2009

Decided and Filed: February 24, 2010

Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Janice T. O'Halloran, STEFANSKI & ASSOCIATES, LLC, Youngstown, Ohio, Daniel J. Buckley, Eric W. Richardson, VORYS, SATER, SEYMOUR AND PEASE LLP, Cincinnati, Ohio, for Appellant. John P. Liekar, Jr., YUKEVICH, MARCHETTI, LIEKAR & ZANGRILLI, P.C., Pittsburgh, Pennsylvania, for Appellee.

───────────────

**OPINION**

───────────────

RONALD LEE GILMAN, Circuit Judge. The present case involves a lawsuit brought by V&M Star, LP against Centimark Corporation. Summary judgment was granted in favor of Centimark by the district court, and V&M now appeals. For the reasons set forth below, we **REMAND** the case to the district court for further proceedings consistent with this opinion.

1

V&M alleges that jurisdiction exists in this case pursuant to the diversity-jurisdiction provision of 28 U.S.C. § 1332. Under this provision, there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In its jurisdictional statement for this appeal, V&M does not mention what state it or Centimark is a citizen of, remarking only that "[t]he district court had jurisdiction of this matter under" § 1332. Centimark failed to include a jurisdictional statement in its brief, thus indicating its satisfaction with V&M's statement. *See* Fed. R. App. P. 28(b). We must therefore rely on the district court record to determine whether diversity jurisdiction in fact exists.

The parties' pleadings reveal that Centimark is a Pennsylvania corporation headquartered in Canonsburg, Pennsylvania, meaning that it is a citizen solely of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of potentially two states—the state where it is incorporated and the state where its principal place of business is located). V&M is a limited partnership, however, and "[f]or purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside." *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005) (emphasis in original); *see also* Federal Procedure, Lawyer's Edition § 1:165 (Thomson Reuters 2009) ("A limited partnership is a citizen of each state in which its general and limited partners, including general and limited partners who are partners of other partners in [a] multi-tiered structure, hold citizenship.").

In its second amended complaint, V&M explained that its partners include two limited liability companies and one "French S.A.R.L." This statement creates a further layer of complexity because limited liability companies "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). As explained in *Delay*, "because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

Unfortunately, V&M failed to provide the citizenship of the members of its partner LLCs. It simply noted that one of the LLCs had no members that "had a physical presence in Pennsylvania," and made no mention of the membership of the other LLC. Even V&M's

contention as to the first LLC is legally incomplete because, for example, a member of an LLC could be a corporation that is organized under the laws of Pennsylvania (and thus would be a Pennsylvania citizen), despite it having no physical presence there.

Furthermore, the citizenship of V&M's "French S.A.R.L." is unclear for diversity-jurisdiction purposes. "SARL is the French abbreviation for a term used to describe a private company similar to an American limited liability company." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 n.2 (11th Cir. 2007). Our research has revealed only one case discussing the citizenship of a S.A.R.L. for diversity-jurisdiction purposes. *See Indus. Fuel Co., Inc. v. Invista S.A.R.L., LLC*, No. 5:06CV40-V, 2008 WL 619189 (W.D.N.C. Feb. 5, 2008). In that case, the district court analyzed the potential citizenship of a Luxembourg S.A.R.L. *Id.* at *1-*4. According to the court, "[t]he parties assert that there is no authority considering, much less deciding, whether a S.A.R.L. created under the laws of Luxembourg is to be treated as a corporation or a limited liability company for diversity purposes, and the undersigned is aware of none." *Id.* at *3.

The court in *Industrial Fuel* therefore evaluated what the potential citizenship of the entity would be under *both* forms—as a corporation *and* as an LLC. *Id.* Because the S.A.R.L. did not have the same citizenship as the other party under either analysis, the court concluded that diversity jurisdiction existed. *Id.* at *3-*4. In the present case, however, V&M has provided no information about its member S.A.R.L. beyond its being "French," leaving us unable to determine the S.A.R.L.'s citizenship either as a corporation or as an LLC.

The district court was alerted to this diversity-jurisdiction issue by Centimark's motion to dismiss V&M's first amendment complaint. Centimark's motion asserted that V&M's allegations at the time were "insufficient to establish diversity jurisdiction" because V&M "failed to plead the . . . citizenship of its limited partners." V&M filed a second amended complaint in response to the motion, which named its limited and general partners but did not properly explain its partners' citizenship. This information apparently satisfied Centimark. The district court then denied the motion to dismiss as moot, noting that Centimark no longer contested diversity jurisdiction.

But the district court had an obligation to go further, despite Centimark having waived the issue. *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1999) ("No party can waive the defect [concerning diversity jurisdiction] or consent to jurisdiction. No court can ignore the defect; rather, a court, noticing the defect, must raise the matter on its own." (internal citations omitted)). The court should have insisted that V&M establish the citizenship of its partner LLCs, including any "sub-members," s*ee Delay*, 585 F.3d at 1005, and conducted an inquiry into the citizenship of the French S.A.R.L. As it stands, the current jurisdictional allegations are fatally incomplete, leaving us uncertain that diversity jurisdiction exists.

We conclude that the case should be remanded to the district court with instructions to resolve the jurisdictional issue by determining V&M's citizenship. We base our decision to remand on two factors: (1) the complexity of the jurisdictional facts in this case, because of the members and sub-members (and potential sub-sub-members) that comprise V&M; and (2) the fact that no controlling precedent exists regarding how to determine the citizenship of a French S.A.R.L for diversity-jurisdiction purposes. In such unusual circumstances, we have determined that the matter would be best addressed by the district court in the first instance.

For all of the reasons set forth above, we **REMAND** the case to the district court for further proceedings consistent with this opinion.