NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0669n.06

No. 12-5787

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| WILMINGTON PLANTATION, LLC, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) ON APPEAL FROM THE UNITED |
| FIDELITY NATIONAL TITLE | ) STATES DISTRICT COURT FOR THE |
| INSURANCE COMPANY, | ) MIDDLE DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellee. | ) |

FILED
*Jul 19, 2013*
DEBORAH S. HUNT, Clerk

Before: SILER, GIBBONS, and GRIFFIN, Circuit Judges.

**PER CURIAM.** This appeal arises out of a real estate purchase agreement in which Wilmington Plantation ("Wilmington") contracted to purchase 19.846 acres of property ("the Property") in Chatham County, Georgia from William W. Foster, Jr. Wilmington purchased an Owner's Policy of Title Insurance, underwritten by Fidelity National Title Insurance Company ("Fidelity"). Subsequently, Wilmington made a claim under the Title Policy, asserting that it did not acquire fee simple title in the Property. Fidelity denied coverage to Wilmington on the basis that its claims were excepted from coverage. Wilmington then filed suit against Fidelity for breach of contract, equitable estoppel, and bad faith, invoking the district court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The district court dismissed the bad faith claim and later granted summary

-1-

judgment to Fidelity on the breach of contract and equitable estoppel claims. This timely appeal followed.

Wilmington alleges in its complaint that it is a limited liability company, organized and existing in the state of Tennessee, with its principal place of business in Tennessee. The complaint also alleges that Fidelity is a corporation, organized and existing in the state of California, with its principal place of business in the state of Florida. A limited liability company has the citizenship of each of its partners or members. *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009). The complaint does not explicitly plead the complete diversity of the parties in accordance with this principle and therefore, at oral argument, we requested that Wilmington file a statement with the court listing the citizenship of each of its members. In response, Wilmington filed a statement indicating that four of its members are citizens of the state of Florida, which would appear to defeat complete diversity of citizenship. However, diversity is determined at the time an action is commenced. *Sanders v. Kettering Univ.*, 411 F. App'x 771, 781 (6th Cir. 2010) (citing *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967)). Although Fidelity did not contest jurisdiction, federal jurisdiction cannot be obtained by consent and we have an independent obligation to determine that jurisdiction exists. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). Accordingly, we **REMAND** the case to the district court for further proceedings to determine the citizenship of Wilmington at the commencement of the action and whether it had subject-matter jurisdiction at that time.