File Name: 20a0484n.06

NOT RECOMMENDED FOR PUBLICATION

Case No. 19-3587

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>BEANSTALK INNOVATION, INCORPORATED,</td><td>)</td><td rowspan="11">

**FILED**
Aug 18, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>SRG TECHNOLOGY, LLC,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

Before: MERRITT, CLAY, and BUSH, Circuit Judges

**MERRITT, Circuit Judge.**  Plaintiff Beanstalk Innovation, Inc., brings this appeal following the district court's grant of Defendant SRG Technology's motion to dismiss the case for lack of subject-matter jurisdiction.  Plaintiff asks that we resolve this dispute under Fed. R. Civ. P. 60(b)(4) and reverse the district court, thereby upholding the district court's earlier judgment granting Plaintiff summary judgment.  Rule 60(b)(4), however, applies to final judgments, and because the district court's order granting Plaintiff summary judgment was not final, we must decide this case under Fed. R. Civ. P. 12(b)(1) and dismiss the action for lack of subject-matter jurisdiction.

**I.**

Plaintiff Beanstalk Innovation, Inc. markets and resells technology, content, and media products and services. Defendant SRG Technology is in the business of developing, licensing, selling, maintaining, and operating various technology, content, and media products and services. In 2014, the parties entered into an agreement whereby Plaintiff would provide direct sales services for Defendant to aid Defendant in securing a contract with the Hamilton County, Ohio Education Service Center. Defendant was to pay Plaintiff a sales fee of $437,500 in four equal installments of $109,375. Each payment was due within 30 days of Defendant receiving the scheduled payments of license fees from Hamilton County. Defendant made the first payment to Plaintiff on schedule but failed to pay the second payment. Plaintiff then filed suit in the Southern District of Ohio in October 2015 to recover the amount then owed under the contract.

In January 2016, the parties entered into a settlement agreement under which Defendant agreed to make the second payment, plus interest and attorney's fees, in two payments on dates specified by the agreement. Defendant also agreed to hold the third and fourth payments in trust for Plaintiff's benefit until Defendant paid Plaintiff. Per the settlement agreement, the case filed in the district court was closed. Defendant then made the second and third payments as required. Defendant, however, did not hold the fourth payment in trust for Plaintiff but admitted to comingling the entirety of the license fee from Hamilton County Education Services with its general funds and spent the money owed to Plaintiff on "operating expenses."

In August 2017, Plaintiff filed a second complaint in the district court alleging, among other things, a breach of contract claim for failing to abide by the settlement agreement and a

violation of fiduciary duties claim.[1]  In its complaint, Plaintiff alleged that "Plaintiff is a Delaware corporation with its principal place of business located in Middleton, Massachusetts."  Plaintiff also claimed that Defendant "is a limited liability company organized under the laws of the State of Florida with its principal place of business located in Fort Lauderdale, Florida."  Further, Plaintiff asserted that the district court had "subject matter jurisdiction under 28 U.S.C. § 1332, as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and this matter is between citizens of different states."[2]

On November 10, 2017, Plaintiff moved for summary judgment on its claims of breach of contract and breach of fiduciary duty.  Plaintiff requested that the district court grant the motion for summary judgment and order Defendant to pay Plaintiff the amount owed for the fourth payment.  Additionally, Plaintiff requested that the district court award interest, costs, and attorney's fees owed to Plaintiff and punitive damages for Defendant's breach of fiduciary duties, all of which were to be determined later.  On November 21, 2017, Defendant filed an answer to Plaintiff's complaint, and admitted that the district court had subject-matter jurisdiction.[3]

---

[1]    On the same day, Plaintiff filed a motion for a temporary restraining order requesting the district court to enjoin Defendant from distributing the funds held in trust for Plaintiff except to the extent that Defendant distributed the funds to Plaintiff.  Alternatively, Plaintiff requested that the district court impose a constructive trust against Defendant's assets to protect the *res* of the trust while the litigation was pending.  The district court imposed a constructive trust and granted Plaintiff's motion for a temporary restraining order.

[2]    28 U.S.C. § 1332(a)(1) states:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1)  citizens of different States . . . .

The parties do not dispute the satisfaction of the amount in controversy requirement.  Nor do the parties allege federal question jurisdiction.

[3]    On November 24, 2017, Defendant's local trial counsel moved to withdraw on the basis that Defendant had not fulfilled its financial obligation.  The district court granted the motion, and on December 14, 2018, Defendant's new counsel filed a notice of appearance.

In September 2018, the district court granted Plaintiff's motion for summary judgment and awarded Plaintiff $109,375 in compensatory damages, but left for further briefing (on agreement by the parties) the amount of prejudgment interest, costs, attorney's fees, and punitive damages. The district court entered judgment on September 19, 2018.

On November 16, 2018, Plaintiff moved the district court to enforce the judgment, claiming that Defendant refused to release the trust funds until Plaintiff's counsel signed a "receipt" that Plaintiff alleged "potentially extinguishe[d] [its] claims for interest, costs, attorney's fees, and punitive damages." In that motion, Plaintiff also briefed the outstanding issues the district court had left open—interest, costs, attorney's fees, and punitive damages. Defendant failed to file a responsive brief, and the district court entered an Order to Show Cause on December 31, 2018, as to why Plaintiff's motion should not be granted.

On January 7, 2019, Defendant's new counsel filed a response to the district court's Order to Show Cause and, within the response, moved the district court under Fed. R. Civ. P. 12(b)(1) to dismiss the action for lack of subject-matter jurisdiction. The district court then entered a notation order explaining that Defendant did not file an actual motion and ordered Defendant to file such motion.

Defendant then moved the district court to dismiss Plaintiff's cause of action and vacate all prior orders pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively, Fed. R. Civ. P. 60(b)(4), claiming that the parties lacked complete diversity because, according to an affidavit attached to the motion, two of Defendant's members have been Massachusetts residents since before the complaint was filed. Plaintiff filed a response. The district court entered an order on May 29, 2019, granting Defendant's motion. This appeal followed.

**II.**

Plaintiff maintains that we should decide this case under Fed. R. Civ. P. 60(b)(4) and reverse the district court's grant of Defendant's motion to dismiss, thus reinstating the 2018 Order granting Plaintiff summary judgment.[4] Rule 60(b)(4), however, applies to final judgments, and because the 2018 order was not final for purposes of 28 U.S.C. § 1291,[5] we do not reach a Rule 60(b)(4) analysis.

"Judgments 'where assessment of damages or awarding of other relief remains to be resolved have never been considered to be "final" within the meaning of 28 U.S.C. § 1291.'" *Kovacic v. Cuyahoga Cty. Dep't of Children and Family Servs.*, 724 F.3d 687, 693 (6th Cir. 2013) (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Plaintiff asserts that the Order was final because the district court granted Plaintiff summary judgment on its breach of contract claim and breach of fiduciary duty claim and thus determined all claims before the court; however, "the requirement of finality has not been met merely because . . . liability has been determined and all that needs to be adjudicated is the amount of damages[.]" *Dowty v. Pioneer Rural Elec. Co-op, Inc.*, 770 F.2d 52, 55 (6th Cir. 1985) (quoting *Republic Natural Gas Co. v. Oklahoma*, 334 U.S. 62, 68 (1948) ). Plaintiff maintains that *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177 (2014), and *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988), support its position. As Plaintiff conceded at oral argument, however, both of those cases hold only that an

---

[4]         Fed. R. Civ. P. 60(b)(4) provides:

On motion and just terms, the court may relieve a party or its legal representative from a ***final*** judgment, order, or proceeding for the following reasons:

. . .

(4) the judgment is void . . .

(Emphasis added).

[5]         28 U.S.C. § 1291 provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

undetermined amount of *attorney's fees* does not prevent a judgment from being final. *See Haluch*, 571 U.S. at 179 (holding that a decision on the merits is a "final decision" under 28 U.S.C. § 1291 although the amount of attorney's fees, provided by contract, remains to be determined); *Budinich*, 486 U.S. at 201–02 (holding the same for attorney's fees authorized by statute). This has long been the rule in this Circuit as well. *See Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794 (6th Cir. 1985) ("'[A] judgment is final for purposes of appeal although the amount of attorney['s] fees has not been determined.'") (quoting *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980)). Plaintiff asks that we extend this rule to apply to a decision on the merits that leaves undetermined an amount of punitive damages. We decline to do so.

Plaintiff sought punitive damages under Florida law, which permits punitive damages to remedy "gross misconduct or willful and wanton disregard of a plaintiff's rights." *See Alamo Rent-A-Car, Inc., v. Mancusi*, 632 So. 2d 1352, 1357 (Fla. 1994). The award therefore depends on the conduct which forms the basis for the lawsuit, not a party's litigation conduct. Unlike an award of fees or costs, punitive damages are bound up in the merits of the claim. The situation is therefore more analogous to cases in which the court enters summary judgment as to liability but not damages—a paradigmatic nonfinal order. *See Kovacic*, 724 F.3d at 693; *Dowty*, 770 F.2d at 55; *see also Nexus Gas Transmission, LLC v. City of Green*, No. 18-3113, 2018 WL 2072606 at *2 (6th Cir. April 3, 2018) (order) ("A summary judgment ruling as to liability that does not resolve damages is not immediately appealable.") (citing *Wetzel*, 424 U.S. at 744)).

Because the September 2018 Order is not final, Fed. R. Civ. P. 12(b)(1)[6] governs Defendant's motion. When reviewing a district court's dismissal of a case for lack of subject-matter jurisdiction, we must accept the district court's factual findings unless they are clearly

---

[6] Fed. R. Civ. P. 12(b)(1) provides as a defense to a claim a "lack of subject matter jurisdiction[.]"

erroneous, but we review the district court's application of the law to the facts de novo. *Wayside v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017).

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Generally, "diversity is determined at the time of the filing of a lawsuit." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). But "'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Arbaugh*, 546 U.S. at 506 (quoting Fed. R. Civ. P. 12(h)(3) (2005) (revised 2007)). The plaintiff has the burden of proving jurisdiction to survive a motion to dismiss. *Wayside*, 847 F.3d at 817.

Plaintiff alleged complete diversity under 28 U.S.C. § 1332(a)(1), which requires that "no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992). The citizenship of a limited liability company, however, is determined by the citizenship of each member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Plaintiff is a Delaware corporation with its principal place of business in Massachusetts. Defendant is a limited liability company organized under Florida law, and according to an affidavit filed after the Order, two of its members have been Massachusetts residents since before the complaint was filed. The evidence contained in Defendant's affidavit thus destroys complete diversity between the parties, as it shows that the

parties have been citizens of the same state, Massachusetts, at all times relevant to this litigation. Accordingly, the district court lacked subject-matter jurisdiction, and the case must be dismissed.

For the foregoing reasons, we **AFFIRM** the district court's grant of Defendant's motion to dismiss.