NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0516n.06

No. 19-2176

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JAMES YARBER,

     *Plaintiff-Appellant,*

     v.

M.J. ELECTRIC, LLC,

     *Defendant-Appellee.*

)
)
)
)
)
)
)
)
)
)

**FILED**
Sep 02, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

---

**Before: COLE, Chief Circuit Judge; BATCHEDLER and STRANCH, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** James Yarber was injured in Indiana while working for M.J. Electric, LLC (M.J.). After Yarber recovered workers' compensation benefits under M.J.'s Indiana policy, he filed this diversity action, alleging a violation of Michigan law. The district court applied Michigan's choice-of-law rules and held that Indiana's workers' compensation scheme barred Yarber's claim. We **AFFIRM**.

**I.**

M.J. hired Yarber, a citizen of Mississippi, to work on a jobsite in Indiana. Yarber was injured on the job; his coworker accidentally hit him with an M.J.-owned car bearing a Michigan license plate. Yarber applied for and received workers' compensation benefits through M.J.'s Indiana policy. Once recovered, Yarber filed this action against M.J. in the District Court for the Eastern District of Michigan, alleging a violation of Michigan's Owner Liability Act, which

imposes liability on the owner of a car for injury caused by "negligent operation of the motor vehicle." *See* Mich. Comp. Laws § 257.401.

M.J. moved to dismiss Yarber's complaint under Federal Rule of Civil Procedure 12(b)(6). M.J. argued that the suit was barred by the exclusive-remedy provision of Indiana's Worker's Compensation Act (IWCA), which provides that workers' compensation benefits are the exclusive remedy for injuries occurring to employees on Indiana jobsites. *See* Ind. Code § 22-3-2-6. The district court granted M.J.'s motion, finding that Michigan's choice-of-law rules compel the application of Indiana law and that the IWCA precluded Yarber's claim. *Yarber v. M.J. Electric, LLC*, No. 19-10392, 2019 WL 4467423, at *1 (E.D. Mich. Sept. 18, 2019).

Yarber filed this timely appeal. Yarber argues that the district court erred in applying Indiana law to dismiss his claim. According to Yarber, Michigan's choice-of-law rules require the application of Michigan law because (1) M.J. is a citizen of Michigan, (2) M.J.'s car was registered in Michigan, and (3) Michigan has a significant interest in enforcing its laws. M.J. contends that Indiana law applies and that Yarber's claim is precluded by the IWCA's exclusive-remedy provision.

## II.

This case was brought pursuant to 28 U.S.C. § 1332, which requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Yarber alleges that he is a citizen of Mississippi and that M.J. is a "foreign corporation incorporated in the state of Delaware and doing business in the state of Michigan." R. 1, PageID: 2. But M.J. is a limited liability company, not a corporation. Because limited liability companies "have the citizenship of each partner or member," *Delay v.*

*Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009), we asked for supplemental briefing on M.J.'s citizenship. M.J.'s supplemental brief said that:

> Defendant-Appellee [M.J.], is a Delaware limited liability company with its principal place of business in Michigan. M.J. is a wholly-owned subsidiary of Quanta Electric Power Services, LLC ("QEPS"), and thus QEPS is M.J.'s only member. QEPS is a Delaware limited liability company with its principal place of business in Texas. QEPS is a wholly-owned subsidiary of Quanta Services, Inc. ("Quanta"), and thus Quanta is QEPS's only member. Quanta is a Delaware corporation with its principal place of business in Texas. Essentially, M.J. is a wholly-owned subsidiary of QEPS, which itself is a wholly owned subsidiary of Quanta. As such, M.J. is a citizen of Delaware, Texas, and Michigan.

A.R. 25 (internal citations omitted). Yarber does not dispute M.J.'s assessment. A.R. 26.

Both parties are incorrect regarding M.J.'s citizenship. Unlike corporations, unincorporated associations are not given a fictional citizenship in their state of organization or in their principal place of business. 14 A.L.R. Fed. 849 § 2[a]; *see Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). And if a member of an LLC is another LLC, the citizenship of every member of that LLC needs to be determined. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.") (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). So, Quanta's citizenship determines M.J.'s citizenship and Quanta, as a corporation, is a citizen of Delaware and Texas. M.J. is therefore a citizen of only Delaware and Texas, not Michigan. That said, the parties are completely diverse for purposes of § 1332 and we may proceed to the merits of Yarber's appeal.

### III.

The sole issue on appeal is whether the district court erred in its determination that, under Michigan's choice-of-law rules, Indiana law applies to this case. We review the district court's choice-of-law determination de novo. *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002).

In tort litigation, "Michigan courts recognize a presumption in favor of *lex fori* [i.e., the law of the forum] and apply Michigan law 'unless a rational reason to do otherwise exists.'" *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 693 (6th Cir. 2013) (quoting *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997)). The parties agree that Michigan courts apply *Sutherland*'s two-step test for determining whether there is a rational reason to displace Michigan law:

> First, [courts] must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, [courts] must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Sutherland*, 562 N.W. at 471.

A. *Indiana has a substantial interest in having the IWCA apply.*

The first step of *Sutherland*'s choice-of-law analysis requires us to determine whether Indiana has an interest in having the IWCA apply to this case. Yarber argues that Indiana has no interest in this litigation because neither Yarber nor M.J. are residents of Indiana. But Yarber overlooks Indiana's "obvious and substantial interest[s]" that the IWCA was "designed to protect." *See Standard Fire Ins.*, 723 F.3d at 697; *Mahne v. Ford Motor Co.*, 900 F.2d 83, 88 (6th Cir. 1990) (citing *Olmstead v. Anderson*, 400 N.W.2d 292, 304 (Mich. 1987)). The IWCA serves as a "compromise" between employees who accept limited compensation in exchange for their

employer's extended liability. *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 971 (Ind. 1986) (quoting William L. Prosser, Handbook of the Law of Torts, 531–32 (4th ed. 1971)). The IWCA thus serves both "the interests of the injured worker" and "the business community in providing protection from large verdicts and by permitting the business community to more easily predict, quantify and plan for anticipated costs from employee injuries." *Id.*

Here, applying the IWCA's exclusive-remedy provision "will benefit the interests [the IWCA] was designed to protect." *See Mahne*, 900 F.2d at 88. After the accident, Yarber received workers' compensation benefits through M.J.'s policy, which M.J. was required to maintain as a cost of doing business in Indiana. M.J. therefore qualifies as a member of the business community which the IWCA strives to protect from open-ended liability. *Cf. Standard Fire Ins.*, 723 F.3d at 697 (conducting a Michigan choice-of-law analysis to hold that the foreign state had an "obvious and substantial interest in applying its statute of repose to shield manufacturers . . . from open-ended liability claims"). Under Yarber's theory, the IWCA would fail to protect out-of-state companies conducting business in Indiana by allowing employees to circumvent the IWCA's exclusive-remedy provision. This could result in noncompliance with Indiana's workers' compensation system or deter companies from conducting business in Indiana altogether. We therefore conclude that Indiana has a substantial interest in having its law apply to preclude Yarber's claim.

> B. *Michigan's interests do not outweigh Indiana's interests.*

Because Indiana has a substantial interest in having its law applied, we proceed to *Sutherland*'s second step, which requires us to compare the states' interests. Yarber argues that Michigan's interests are greater than Indiana's because Michigan has a substantial interest in the enforcement of its tort law against a corporate citizen of Michigan. As discussed, however, M.J.

is a citizen of Delaware and Texas, not Michigan. M.J.'s citizenship therefore has no bearing on the outcome of this case.

Yarber is left to argue that Michigan's interests outweigh Indiana's interests because M.J.'s car—the car that hit Yarber on the Indiana jobsite—was registered in Michigan. But the fact that Yarber could state a tort claim under Michigan law does not prove that Michigan's interests are stronger than Indiana's. Indeed, in applying *Sutherland*'s two-step test, Michigan courts have repeatedly held that the foreign state's interests prevail where "Michigan is merely the forum state and situs of [the] defendant's headquarters." *Hall v. Gen. Motors Corp.*, 582 N.W.2d 866, 869 (Mich. Ct. App. 1998) (quoting *Farrell v. Ford Motor Co.*, 501 N.W.2d 567, 572 (Mich. Ct. App. 1993)); *see Standard Fire Ins.*, 723 F.3d at 698–99. In these cases, the defendants were corporate citizens of Michigan; that M.J. is a non-citizen only undermines Yarber's claim. Finally, Yarber "has provided no authority for the proposition that ownership, registration, licensure, and insurance [of a vehicle] in Michigan" provides Michigan with an interest "that overbears the interest of the state where the accident occurred." *See Mitchell v. McNeilus Truck & Mfg., Inc.*, No. 304124, 2012 WL 5233630, at *7 (Mich. Ct. App. Oct. 23, 2012) (per curiam). Accordingly, Michigan's interests do not "mandate that Michigan law be applied," *see Sutherland*, 562 N.W. at 471, and the IWCA's exclusive-remedy provision controls the outcome of this case.

## IV.

Yarber does not deny that the IWCA "provides the exclusive remedy for recovery of personal injuries arising out of and in the course of employment" in Indiana. *See GKN Co. v. Magness*, 744 N.E.2d 397, 401–02 (Ind. 2001) (citing Ind. Code § 22-3-2-6). The resolution of the choice-of-law question therefore decides this case and we **AFFIRM** the district court's dismissal of Yarber's claim.